UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| BILL W. WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:07CV0056 AGF |
| | ) | |
| CITY OF SALISBURY, MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' motion for sanctions, or an order excluding an audio recording (or transcript thereof), on the ground of spoliation. In the alternative, Defendants seek an adverse-inference instruction. Based upon the arguments of the parties and the record now before the Court, this motion shall be denied, for the reasons set forth below.

## BACKGROUND

In 2006, Plaintiff Bill Wright began his employment as a law enforcement officer with the City of Salisbury, Missouri ("City"). On October 11, 2007, the City's Board of Aldermen determined to eliminate the position then held by Plaintiff, thereby effectively terminating Plaintiff's employment with the City. Prior to Plaintiff's termination, Plaintiff engaged in speech, questioning the City Mayor's instruction to him to refrain from arresting suspected drunk drivers within the City. Plaintiff claims that this speech

caused the Board of Aldermen to terminate his employment, in violation of his First Amendment rights.  This Court denied Defendants' motion for summary judgment, concluding that Plaintiff's speech was protected speech under the First Amendment.  The case is set for trial on January 11, 2010.

During discovery, Plaintiff produced a transcript of part of a conversation he had had with the Mayor on September 22, 2007.  Plaintiff digitally recorded the conversation without the Mayor's knowledge.  In the transcript, the Mayor told Plaintiff not to be so conscientious in arresting suspected drunk drivers within the City.  (Ex. to Doc. #25-2.)  Plaintiff explained in his deposition that prior to the taped conversation, the Mayor had told him the same thing earlier that day and Plaintiff engaged the Mayor again in a conversation about traffic stops so that Plaintiff could tape the conversation.

Plaintiff explained that the beginning of the taped conversation was  "just talk" - about antique stores - and that during the conversation, they discussed another officer in a negative way.   Plaintiff downloaded the recording of the entire conversation to his computer, in a file dealing with traffic stops.  He decided to save to his website server the portion of the conversation that was relevant to arresting suspected drunk drivers, in case he later decided to release it to the public on his website.  Thereafter, Plaintiff's computer had a "problem, either a virus of something to that effect," and he lost the recording of the entire conversation that had been stored on his computer.  Plaintiff further testified by deposition that he did not believe that he had any part of the recording to turn over to Defendants, but then went back to his web server and was able to give Defendants the

excerpt in question. (Wright Depo., Doc. #27-3.)

Defendants move to exclude this excerpt from evidence, or, alternatively, to instruct the jury that they may conclude that the remainder of the conversation would have been detrimental to Plaintiff's case. Defendants contend that Plaintiff "either intentionally destroyed or otherwise failed to provide the remainder of his recorded conversation with [the Mayor], providing only that portion which he feels benefits his case." (Defs.' Br. at 4.) Defendants also contend that the recording should be excluded because Plaintiff cannot establish a sufficient evidentiary foundation for admission of the preserved portion of the conversation.

In response to the motion, Plaintiff has submitted his affidavit, which is essentially in accord with his deposition testimony. He attests that the only portions of the recorded conversation with the mayor that were unintentionally lost were greetings between the two men; "small talk," such as a discussion about the Mayor's wife's antique shop; and a discussion about another police officer. Plaintiff specifically attests that "there were no discussions contained in the lost file which would have any impact upon the case at hand." (Doc. #27-4.)

Defendants offer no countervailing evidence in reply. They repeat their argument that Plaintiff's explanation of what happened to the entire recording is not plausible, and they argue that they have been prejudiced by the destruction of the recording of the full conversation, contending that "the Mayor's comments, taken in the context of the full conversation, do not have the effect and meaning for which [Plaintiff] wants to play the

excerpt standing alone. Without the recording of the full conversation, such a demonstration cannot be made." (Defs.' Rep. Br. at 2.)

## **DISCUSSION**

Before a court may impose sanctions for the destruction of evidence, there must be "'a finding of intentional destruction indicating a desire to suppress the truth,'" and a finding of prejudice to the opposing party. Morris v. Union Pac. RR, 373 F.3d 896, 901 (8th Cir. 2004) (quoting Stevenson v. Union Pac. RR Co., 354 F.3d 739, 745 (8th Cir. 2004)); see also Dillon v. Nissan Motor Co., Ltd., 986 F.2d 263, 267 (8th Cir. 1993) (holding that sanctions may be levied against a party responsible for causing prejudice when the party knew or should have known that the destroyed documents were relevant to pending or potential litigation). The moving party "has the affirmative burden of persuasion to demonstrate the potential relevance of the unavailable evidence." Rowe v. Albertson's Inc., 178 F. App'x 859, 861 (10th Cir. 2006) (citing Michael H. Graham, Federal Practice & Procedure § 7003 n. 12 at 39 (interim ed. 2006) ("sponsor of the inference must proffer evidence sufficient to permit the trier [of fact] to find . . . the document's potential relevance to [the] claim.")).

Here, based on the record before it, the Court cannot find either bad faith on the part of Plaintiff or prejudice to Defendants. To the contrary, Plaintiff's explanation of how the remainder of the recording came to be lost is reasonable and believable, and his sworn statements that the portions of the conversation that were not preserved were of no relevance to this lawsuit is uncontroverted. Significantly, there is no suggestion that the

preserved portion of the recording had been edited in any way. Accordingly, Defendants' motion for sanctions shall be denied. See Bakhtiari v. Lutz, 507 F.3d 1132, 1135 (8th Cir. 2007) (holding that the district court did not abuse its discretion in refusing to impose a sanction for the alleged spoliation of computer evidence, where a credible explanation for the loss of the computer files was presented).

Similarly, Defendants have provided no basis here for an adverse-inference instruction. See Stevenson, 354 F.3d at 746. At trial, Plaintiff will be required to establish a proper foundation for admission of the recording in question. Should the evidence at trial suggest a basis for the Court to reconsider its above conclusions, Defendants may raise the matter again at that time.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' motion for sanctions, or for an adverse-inference instruction, is **DENIED**. [Doc. #24]

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 7th day of January, 2010.