UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| BILL W. WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:07CV0056 AGF |
| | ) | |
| CITY OF SALISBURY, MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on Plaintiff's motion in limine [Doc. #49] to exclude various categories of evidence. A hearing was held on the record on January 6, 2010. Based on the arguments of the parties, and a review of the record, the motion shall be granted in part and denied in part, as follows:

(a) <u>Plaintiff's employment history</u>: At the hearing, Plaintiff represented that he is not seeking damages for damage to reputation, and Defendants represented that, absent Plaintiff opening the door to such evidence, they are not seeking to elicit evidence of whether Plaintiff was fired from previous employment or the reason for any firing. Based on the parties' representations, and as further explained on the record at the hearing, Plaintiff's motion shall be **GRANTED** in part and **DENIED** in part. Defendants may elicit evidence of Plaintiff's prior employment history, including the positions and length of time the positions were held, but absent leave of Court, not whether Plaintiff was fired

or the reason for any firing.

(b) <u>Complaints unrelated to traffic stops</u>: As more fully stated at the hearing, and based on the representations of the parties, Plaintiff's motion is **GRANTED** in part and **DENIED** in part. Defendants shall be permitted to testify to such matters to the extent relevant to their decision to eliminate Plaintiff's employment position, but shall not be permitted to offer extrinsic evidence to establish whether the alleged incidents complained of actually occurred or the circumstances of such incidents. Such evidence may be permitted, however, if Plaintiff opens the door, making the evidence relevant to the issues of pretext or damages. Defendants' alternate request to amend their answer to assert an affirmative defense based on allegations of other complaints is **DENIED**.

(c) <u>Complaints of job performance unknown to Defendants prior to October 11, 2007</u>: As more fully stated at the hearing, and based on the representations of the parties, Plaintiff's motion is **GRANTED**, except Defendants may seek leave to present such evidence in the event Plaintiff presents evidence related to any alleged refusal to re-hire Plaintiff or to the extent it may become relevant to Plaintiff's damages claims.

(d) <u>Reference to Plaintiff's website</u>: As more fully stated at the hearing, and based on the representations of the parties, Plaintiff's motion is **GRANTED**, except Defendants may seek leave to present such evidence to the extent it becomes relevant to any evidence presented by Plaintiff related to any alleged refusal to re-hire Plaintiff or to Plaintiff's damages claims.

(e) <u>Defendants' knowledge that Plaintiff tape-recorded conversations</u>:  As more fully stated at the hearing, and based on the representations of the parties, Plaintiff's motion is **DENIED** to the extent that Defendants shall be permitted to present evidence of the circumstances surrounding the tape recording of any recording that is admitted into evidence, and to the extent any such knowledge is relevant to the decision by any Defendant to eliminate Plaintiff's position.  At the hearing, the parties did not discuss the recording of conversations other than Plaintiff's conversation with the Mayor on September 22, 2007, and as such, the Court reserves ruling on such evidence. The parties shall alert the Court at the time of trial should they seek to introduce or exclude such evidence with respect to other tape-recorded conversations.

(f) <u>Defendants' knowledge of whether Plaintiff sent his letters or made statements to others</u>: As more fully stated at the hearing, and based on the representations of the parties, Plaintiff's motion is **DENIED**.  Plaintiff may submit for the Court's consideration an instruction to the jury or statement to be permitted at closing argument regarding the legal implications of an individual Defendant's knowledge on this matter.

(g) <u>Evidence regarding advice by the City Attorney</u>:  As more fully stated at the hearing, and based on the representations of the parties, Plaintiff's motion is **DENIED** to the extent that Defendants shall be permitted to offer evidence of the advice disclosed during discovery and as recited at the hearing.  Defendants shall not be permitted to amend their answer to assert an affirmative defense based on the advice of counsel.

(h) <u>Plaintiff's discussions with the City Clerk regarding filing for election to the Board of Aldermen</u>: As more fully stated at the hearing, and based on the representations of the parties, Plaintiff's motion is **GRANTED**, except Defendant may seek leave to present such evidence to the extent it becomes relevant to any evidence presented by Plaintiff related to any alleged refusal to re-hire Plaintiff or to Plaintiff's damages claims.

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 7th day of January, 2010.